OTC

**RECEIVED**

APR 2 5 2018


TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

5:18-cv-0569

CLINTON STRANGE,

Plaintiff

v.

SPLASH KINGDOM, INC.,

Defendant

# CIVIL ACTION

Complaint for Violations of the:

**Telephone Consumer Protection Act 47 U.S.C. § 227**

)

)

DEMAND FOR JURY TRIAL

)

)

Preliminary Statement;

This is an action brought by an adult individual against Defendant Splash Kingdom, Inc. for violations of THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), under U.S. Federal Statutes:

**Telephone Consumer Protection Act 47 U.S.C. § 227(b)(1)(a)(iii)**

**Telephone Consumer Protection Act 47 U.S.C. § 227(b)(3)**

**Telephone Consumer Protection Act 47 U.S.C. § 227(c)(5)**

)

)

)

)

)

)

Jurisdiction of this court arises under:

**Telephone Consumer Protection Act 47 U.S.C. § 227(g)(2)**

Venue lies properly in this district pursuant to:

28 U.S. Code § 1391(b)(1)

28 U.S. Code § 1391(b)(2)

47 U.S.C. § 227(g)(4)

)

)

Parties:

Plaintiff Clinton Strange is an adult individual residing at:

7021 Winburn Drive

Greenwood, LA 71033

Within the Western District of Louisiana.

Defendant Splash Kingdom, Inc. is a 'Business Corporation' that regularly conducts business in the Western District of Louisiana, and which has a principal place of business located at:

7670 West 70th Street

Shreveport, LA 71129

&

Whose Registered Agent is:

CT Corporation System

3867 Plaza Tower Drive

Baton Rouge, LA 70816

)

)

Factual Allegations:

1. Plaintiff has no Established Business Relationship with the Defendant.

2. Plaintiff's cell Phone 318-780-8946 is registered on the Federal Do-Not-Call List (see Exhibit A).

3. Plaintiff never consented to be contacted by the Defendant on his cellphone by any means.

4. Plaintiff received 3 messages on his Cellphone 318-780-8946 during the month of March 2018 from SMS short code 90210.

5. The SMS messages contained no 'opt out' instructions.

6. All the SMS text messages made by the Defendant to the Plaintiff's cellphone were made using an Automated System in Violation of the TCPA.

7. Telemarketers are required to check their internal call list against the Federal Do-Not-Call listing every 30 days.

8. **Telephone Consumer Protection Act 47 U.S.C. § 227(b)(3) provides for a civil penalty of $500 for TCPA violations, and for "willful and knowingly" violating the TCPA the damages can be 'trebled' to $1,500 per violation.**

9. **Telephone Consumer Protection Act 47 U.S.C. § 227(c)(5) provides for a "private right of action" to "receive up to $500 in damages for each such violation", and "the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available".**

10. In an action under the TCPA, a Plaintiff must only show that the Defendant "called a number assigned to a cellular telephone service using an automatic

dialing system or pre-recorded voice" *Breslow v. Wells Fargo Bank, N.A.,* 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd,* 755 F. 3d 1265 (11th Cir. 2014).

11. As held by the United States Court of Appeals for the 9th Circuit "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A Plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.* No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v Robins,* 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

12. On 03-09-2018, Defendant, using an automated text -messaging platform, caused the text message represented in Exhibit B to be transmitted to the Plaintiff's cellphone 318-780-8946. Exhibit C provides more specific information regarding this Text Message.

13. On 03-13-2018, Defendant, using an automated text -messaging platform, caused the text message represented in Exhibit D to be transmitted to the Plaintiff's cellphone 318-780-8946. Exhibit E provides more specific information regarding this Text Message.

14. On 03-17-2018, Defendant, using an automated text -messaging platform, caused the text message represented in Exhibit F to be transmitted to the Plaintiff's cellphone 318-780-8946. Exhibit G provides more specific information regarding this Text Message.

15. Defendant's text messages constitute telemarketing because it encourages the future purchase or investment in property, goods, or services, i.e., Defendant's "Season Pass Sale".

16. The short code number 90210 that transmitted the text messages is a number operated by or on behalf of the Defendant.

17. Plaintiff received the subject texts within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.

18. Plaintiff is the subscriber and sole user of the cellphone number 318-780-8946 and is financially responsible for phone service to that number.

19. The impersonal and generic nature of Defendant's text message demonstrates that Defendant utilized an "Automatic Telephone Dialing System "ATDS" in transmitting the messages. See *Jenkins v. LL Atlanta, LLC,* No. 1:14-CV-2791, 2016 U.S. Dist. LEXIS 30051, at *11 (N.D. Ga. Mar. 9, 2016) ("These assertions, combined with the generic, impersonal nature of the text message advertisements and the use of a short code, support an inference that the text messages were sent using an ATDS.") (citing *Legg v. Voice Media Grp., Inc.* 20 F. Supp. 3d 1370, 1354 (S.D. Fla. 2014) (plaintiff alleged facts sufficient to infer text messages were sent using ATDS; use of a short code and volume of mass messaging alleged would be impractical without use of an ATDS); *Kramer v. Autobytel, Inc.,* 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) (finding it "plausible" that defendants used an ATDS where messages were advertisements written in an impersonal manner and sent from short code); *Hickey v. Voxernet LLC,* 887 F. Supp. 2d 1125, 1130; *Robbins v. Coca-Cola Co.,* No. 13-CV-132-IEG-NLS, 2013 U.S. Dist. LEXIS 72725, 2013 W.L. 2252646, at *3 (S.D. Cal. May 22, 2013) (observing that mass messaging would be impracticable without use of an ATDS)).

20. Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversation.

21. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life. *See Patriotic Veterans, Inc. v Zoeller,* No. 16-2059, 2017 WL 25482, at *2 (7th Cir. Jan. 3, 2017) ("Every call uses some of the phone owner's time and mental energy, both of which are precious.").

22. At all times pertinent hereto Defendant was acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

23. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and / or their employees was intentional, reckless, and in grossly negligent disregard for Federal Law and the Rights of the Plaintiff herein.

)

)

# COUNT I

## Violations of the TCPA 47 U.S.C. § 227(b)

24. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system…to any telephone number assigned to a …cellular telephone service…." 47 U.S.C. § 227(b)(1)(a)(iii)

26. "Automatic Telephone Dialing System" refers to any equipment that has the "capacity to dial numbers without human intervention". *See, e.g., Hicks v. Client Servs., Inc.,* No. 07-61822, 2009 WL 2365637, at *4 (S.D. Fla. June 9, 2009) (citing FCC, In re: Rules and Regulations implementing the Telephone Consumer Protection Act of 1991: Request of ACA International for Clarification and Declaratory Ruling, 07-232 ¶ 12, n.23 (2007)).

27. Defendant, or Alternatively 3rd parties directed by the Defendant, used equipment having the capacity to dial numbers without human intervention, to make non-emergency telephone calls to the cellphone of the Plaintiff.

**28.** These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cellphone of the Plaintiff when its calls were made. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(a)(iii) of the TCPA by using an ATDS to make non-emergency telephone calls to the cellphone of the Plaintiff without his prior express consent.

29. Defendant knew that [it] did not have prior express consent to make these calls and knew or should have known that it was using equipment that constituted an ATDS. The violations were therefore willful and knowing.

30. As a result of Defendant's conduct and pursuant to 47 U.S.C. § 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500.00 in damages for each violation. Plaintiff is also entitled to an injunction against future calls. *Id.*

31. Because Defendant knew or should have known that Plaintiff had not given prior express consent to receive its autodialed calls to his cellphone the Court should treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3) of the TCPA.

32. Defendant is liable to the Plaintiff for the full amount of actual, statutory, and punitive damages, along with the attorney's fees and cost of the litigation, as well as such further relief, as may be permitted by law.


JURY TRIAL DEMAND,

Plaintiff demands trial by jury on all issues so triable.


PRAYER FOR RELIEF,

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against the Defendant, based on the following requested relief.

Actual Damages;

Statutory Damages;

Punitive Damages;

Costs and reasonable attorney's fees, and such other and further relief may be necessary, just and proper.


Respectfully Submitted,

X _____          04/25/2018

Clinton Strange

Pro Se

7021 Winburn Drive

Greenwood, LA 71033

318-780-8946